RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/14/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTONIO PAUL DEHART | DOCKET NO. 12-Cv-2014; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se petitioner Antonio Paul Dehart, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner attacks his 2010 conviction for simple burglary of a pharmacy and the sentence imposed thereon by the Twelfth Judicial District Court, Avoyelles Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

### Background

On June 29, 2010, Petitioner entered a guilty plea to simple burglary of a pharmacy. He was sentenced to ten years of imprisonment. [Doc. #1, p.1] Petitioner did not appeal his conviction or sentence.

On June 1, 2012, Petitioner filed an application for post-conviction relief in the Twelfth Judicial District Court claiming that inadmissible evidence was the only thing that connected him to the crime, and that the identification process / lineup had been illegal. The district attorney was ordered to

answer by July 1, 2012. [Doc. #1] Plaintiff does not indicate the outcome of the application for post conviction relief or any subsequent writ applications.

### *Law and Analysis*

**1. Timeliness under §2244(d)(1)(A)**

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a **one-year** statute of limitations for the filing of an application for writ of habeas corpus by a person such as petitioner who is in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). *Any lapse of time* ***before*** *the proper filing of an application for post-conviction relief in*

---

[1] Nothing in the record suggests that any State created impediments prevented the filing of the instant petition. Further, petitioner has not identified a constitutional right *newly recognized* by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. See 28 U.S.C. § 2244(d)(1)(B),(C),and (D).

2

*state court is counted against the one-year limitation period.* Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999), *citing* Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, Petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review lapsed. Petitioner's judgment of conviction and sentence became final on July 29, 2010, and he had one year, or until on or about July 29, 2010, to file his federal habeas corpus petition. Petitioner cannot rely on the tolling provisions of 28 U.S.C. §2244(d)(2). His application for post-conviction relief was not filed until 2012, well after the one year statute of limitations in Section 2244 had expired. Thus, the available evidence establishes that the instant petition is time-barred.

2. **Equitable Tolling**

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his

3

rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S Ass'n, 932 F.2d 473, 478 (5th Cir.1991)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because Petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file**

4

specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at

the time of filing.

**Thus done and signed** at Alexandria, Louisiana, this 14th day of December, 2012.

_____
JAMES D. KIRK
**UNITED STATES MAGISTRATE JUDGE**

6